AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means        ☐ Original        ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br>rafa0george@gmail.com (Google Account ID 1033521631013),<br>cryptoxiaomi@gmail.com (Google Account ID 1087185743577),<br>edilsonbersai@gmail.com (Google Account ID 468512438816), and<br>nhocboxmr@gmail.com (Google Account ID 788780590890) ("TARGET ACCOUNTS"), that is stored at premises owned, maintained, controlled, or operated by Google, LLC ("Google"), at 1600 Amphitheater Parkway, Mountain View, CA 94043 | Case No.<br>2:22-MJ-03119 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to <u>18 U.S.C. § 3103a(b)</u>, I find that immediate notification may have an adverse result listed in <u>18 U.S.C. § 2705</u> (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*     ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 8/9/2022     1:53 pm

*Judge's signature*

City and state: Los Angeles, CA     Hon. Alexander F. MacKinnon, U.S. Magistrate Judge
*Printed name and title*

AUSA: Tian Huang

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| | **Return** | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date:  _____                              _____
*Executing officer's signature*

_____
*Printed name and title*

AO 93C  (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

## ATTACHMENT A

**Property to Be Searched**

This warrant applies to information which is associated with the Google, LLC account(s) identified by:

- rafa0george@gmail.com (Google Account ID 1033521631013)

- edilsonbersai@gmail.com (Google Account ID 468512438816)

- cryptoxiaomi@gmail.com (Google Account ID 1087185743577)

- nhocboxmr@gmail.com (Google Account ID 788780590890)

and which is stored at premises owned, maintained, controlled, or operated Google, LLC, a company that accepts service of legal process at 1600 Amphitheatre Parkway, Mountain View, California.

**ATTACHMENT B**

**Particular Things to be Seized and Procedures
to Facilitate Execution of the Warrant**

I.  **Information to be disclosed by Google, LLC ("PROVIDER") to facilitate execution of the warrant**

To the extent that the information described in Attachment A is within the possession, custody, or control of PROVIDER, including any records that have been deleted but are still available to PROVIDER, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), PROVIDER is required to disclose the following information to the government corresponding to each account or identifier ("Account") listed in Attachment A:

a. For the time period of 09/08/2021 through present (for **cryptoxiaomi@gmail.com**), the time period of 07/02/2021 through present (for **edilsonbersai@gmail.com**), the time period of 01/01/2020 through present (for **rafa0george@gmail.com**), and the time period of 01/01/2020 through present (for **nhocboxmr@gmail.com**): The contents of all communications and related transactional records for all PROVIDER services used by an Account subscriber/user (such as e-mail services, calendar services, file sharing or storage services, photo sharing or storage services, remote computing services, instant messaging or chat services, voice call services, or remote computing services, including Google Drive), including but not limited to incoming, outgoing, and draft e-mails, messages, calls, chats, and other electronic communications; attachments to communications (including native files); source and destination addresses and header or routing information for each communication (including originating IP addresses of e-mails); the date, size, and length of each communication; and any user or device identifiers linked to each communication (including cookies);

b. For the time period of 09/08/2021 through present (for **cryptoxiaomi@gmail.com**), the time period of 07/02/2021 through present (for **edilsonbersai@gmail.com**), the time period of 01/01/2020 through present (for **rafa0george@gmail.com**) and the time period of 01/01/2020 through present (for **nhocboxmr@gmail.com**): The contents of all other data and related transactional records for all PROVIDER services used by an Account user (such as e-mail services, calendar services, file sharing or storage services, photo sharing or storage services, remote computing services, instant messaging or chat services, voice call services, or remote computing services, including Google Drive), including any information generated, modified, or stored by user(s) or PROVIDER in connection with the Account (such as contacts, calendar data, images, videos, notes, documents, bookmarks, profiles, device backups, and any other saved information);

c. For the time period of 09/08/2021 through present (for **cryptoxiaomi@gmail.com**), the time period of 07/02/2021 through present (for **edilsonbersai@gmail.com**), the time period of 01/01/2020 through present (for **rafa0george@gmail.com**) and the time period of 01/01/2020 (for **nhocboxmr@gmail.com**): All PROVIDER records concerning the online search and browsing history associated with the Account or its users (such as information collected through tracking cookies);

d. For the time period of 09/08/2021 through present (for **cryptoxiaomi@gmail.com**), the time period of 07/02/2021 through present (for **edilsonbersai@gmail.com**), the time period of 01/01/2020 through present (for **rafa0george@gmail.com**) and the time period of 01/01/2020 (for **nhocboxmr@gmail.com**): All records and other information concerning any document, or other computer file created, stored, revised, or accessed in connection with the Account or by an Account user, including the contents

and revision history of each document or other computer file, and all records and other information about each connection made to or from such document or other computer file, including the date, time, length, and method of connection; server log records; data transfer volume; and source and destination IP addresses and port numbers;

      e.      All records regarding identification of the Account, including names, addresses, telephone numbers, alternative e-mail addresses provided during registration, means and source of payment (including any credit card or bank account number), records of session times and durations (including IP addresses, cookies, device information, and other identifiers linked to those sessions), records of account registration (including the IP address, cookies, device information, and other identifiers linked to account registration), length of service and types of services utilized, account status, methods of connecting, and server log files;

      f.      All records pertaining to devices associated with the Account and software used to create and access the Account, including device serial numbers, instrument numbers, model types/numbers, International Mobile Equipment Identities ("IMEI"), Mobile Equipment Identifiers ("MEID"), Global Unique Identifiers ("GUID"), Electronic Serial Numbers ("ESN"), Android Device IDs, phone numbers, Media Access Control ("MAC") addresses, operating system information, browser information, mobile network information, information regarding cookies and similar technologies, and any other unique identifiers that would assist in identifying any such device(s), including unique application numbers and push notification tokens associated with the Account (including Apple Push Notifications ("APN"), Google Cloud Messaging ("GCM"), Microsoft Push Notification Service ("MPNS"), Windows Push Notification Service ("WNS"), Amazon Device Messaging ("ADM"), Firebase Cloud Messaging ("FCM"), and Baidu Cloud Push);

  g. Basic subscriber records and login history (including, as described in 18 U.S.C. § 2703(c)(2), names, addresses, records of session times and durations, length of service and types of service utilized, instrument numbers or other subscriber numbers or identities, and payment information) concerning any PROVIDER account (including both current and historical accounts) ever linked to the Account by a common e-mail address (such as a common recovery e-mail address), or a common telephone number, means of payment (*e.g.*, credit card number), registration or login IP addresses (during one-week period), registration or login cookies or similar technologies, or any other unique device or user identifier;

  h. All information held by PROVIDER related to the location and location history of the user(s) of the Account, including geographic locations associated with the Account (including those collected for non-PROVIDER based applications), IP addresses, Global Positioning System ("GPS") information, and information pertaining to nearby devices, Wi-Fi access points, and cell towers;

  i. For the time period of 09/08/2021 through present (for **cryptoxiaomi@gmail.com**), the time period of 07/02/2021 through present (for **edilsonbersai@gmail.com**), the time period of 01/01/2020 through present (for **rafa0george@gmail.com**), and the time period of 01/01/2020 (for **nhocboxmr@gmail.com**): All records of communications between PROVIDER and any person regarding the Account, including contacts with support services and records of actions taken;

  j. Information about any complaint, alert, or other indication of malware, fraud, or terms of service violation related to the Account or associated user(s), including any memoranda, correspondence, investigation files, or records of meetings or discussions about the Account or associated user(s) (but not including confidential communications with legal counsel); and

Within 14 days of the issuance of this warrant, PROVIDER shall deliver the information set forth above via United States mail, courier, e-mail, or other electronic means to the following:

Brandon Dreyer
Special Agent
Homeland Security Investigations
40 S. Gay St.
Baltimore, MD 21202
Brandon.dreyer@ice.dhs.gov

II.     **Information to be seized by the government**

All information described above in Section I that constitutes evidence, and instrumentalities of violations of 18 U.S.C. § 1343 (Wire Fraud) and 18 U.S.C. § 1956 (Money Laundering) as described in the affidavit submitted in support of this Warrant, including, for each Account, information pertaining to the following matters:

(a) Information that constitutes evidence of the identification or location of the user(s) of the Account;

(b) Information that constitutes evidence concerning persons who either (i) collaborated, conspired, or assisted (knowingly or unknowingly) the commission of the criminal activity under investigation; or (ii) communicated with the Account about matters relating to the criminal activity under investigation, including records that help reveal their whereabouts;

(c) Information that constitutes evidence indicating the Account user's state of mind, *e.g.*, intent, absence of mistake, or evidence indicating preparation or planning, related to the criminal activity under investigation;

(d) Information that constitutes evidence concerning how and when the Account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crime under investigation and to the Account user;

(e) Information that constitutes evidence concerning cryptocurrency transactions, transfers, investments, storage, or other financial arrangement involving cryptocurrency.

    (f) Communications with any individual regarding cryptocurrency transactions, transfers, investments, storage, or other financial arrangement involving cryptocurrency.

    (g) Information that constitutes evidence of transactions or laundering of funds representing the proceeds of any NFT rug pull scam, or funds intended to promote any NFT rug pull scam; and

    (h) Information that constitutes evidence concerning any solicitation of funds from any individual.

### III. Government procedures for warrant execution

The United States government will conduct a search of the information produced by the PROVIDER and determine which information is within the scope of the information to be seized specified in Section II. That information that is within the scope of Section II may be copied and retained by the United States.

Law enforcement personnel will then seal any information from the PROVIDER that does not fall within the scope of Section II and will not further review the information absent an order of the Court. Such sealed information may include retaining a digital copy of all information received pursuant to the warrant to be used for authentication at trial, as needed.