IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH CERTAIN EMAIL ACCOUNTS STORED AT PREMISES CONTROLLED BY GOOGLE, LLC | Case No. 2:22-MJ-03119<br><br>**Filed Under Seal** |

### APPLICATION FOR ORDER COMMANDING GOOGLE LLC NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT

The United States requests that the Court order GOOGLE LLC ("Provider") not to notify any person (including the subscribers and customers of the account(s) listed in the warrant) of the existence of the attached warrant for a period of 180 days.

The Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the warrant, which requires the Provider to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached warrant relates to an ongoing criminal investigation that is neither public nor known to all of the subjects of the investigation, and its disclosure may alert the subjects to the ongoing investigation. Information obtained in the investigation indicates that at least one individual under investigation has taken one or more steps to avoid detection by law enforcement. Accordingly, there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the

investigation or unduly delay a trial, including by giving subjects an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, or change patterns of behavior. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or content of the attached warrant for 180 days, except that the Provider may disclose the attached warrant to an attorney for the Provider for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the subjects of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on August 10, 2022.

Respectfully submitted,

LORINDA I. LARYEA
ACTING CHIEF, FRAUD SECTION
UNITED STATES DEPARTMENT OF JUSTICE

BY:   /s/ *Tian Huang*
Tian Huang
Assistant United States Attorney
Fraud Section, Criminal Division
United States Department of Justice
Tian.Huang@usdoj.gov
Telephone: (202) 893-0326